UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.                                               **ORDER**
                                                     18-CR-44-A

JAMES L. NELSON,

        Defendant.

_____

        The parties appeared on October 5, 2018, for proceedings on defendant James L. Nelson's appeal of a Decision and Order, Dkt. No. 34, denying defendant Nelson's motion for disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i) of a state-court-sealed record of a confidential informant's N.Y.C.P.L. § 690.40 testimony in support of a search warrant. As is stated below, the Court concludes that further proceedings regarding disclosure of the record are warranted.

        Defendant Nelson argued below that he was entitled to access the sealed record of the confidential informant's testimony to evaluate whether to move to suppress evidence seized from his residence. The United States argued that disclosure of the sealed record was unwarranted and premature because the defendant had not formally established that he had standing to move to suppress.

        In order to be able to consider the parties' arguments, the presiding Magistrate Judge ordered the sealed record of the confidential informant's testimony be provided to the United States. Dkt. No. 32. Unfortunately, the sealed record was sent directly to the Magistrate Judge's Chambers, notwithstanding the order that the record be provided first to the United States. The United States has not seen the

sealed record. Meanwhile, the defendant has submitted an affidavit that establishes his standing to contest the search of his residence in a filing in connection with this appeal. *See* Dkt. No. 38.

Under the circumstances, and given that defendant Nelson has made it obvious he intends to formally move to suppress, the United States' argument against disclosure of the sealed record to protect the confidential informant from harm is somewhat speculative. The United States does not know whether the safety of the informant will be compromised by partial unsealing of the record of the testimony subject to a reasonable protective order or reasonable redactions.

Accordingly, after due consideration, the Court will cause the sealed record of the confidential informant's N.Y.C.P.L. 690.40 testimony to be docketed in this case on terms that permit only the United States to access that record. And it is hereby

**ORDERED,** on or before 12:00 p.m., October 17, 2018, the United States shall submit to the Court a proposed protective order, proposed redactions, or both, for the record of the confidential informant's testimony that the United States contends are necessary to protect the informant's safety, or shall alternatively show cause why the record of the informant's should remain entirely sealed in connection with defendant Nelson's motion to suppress; and it is

**ORDERED,** that because the instant ruling arises from unique proceedings and the facts of this case, it is not to be considered precedent or authority supporting disclosure of any information pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i) in any other case; and it is finally

**ORDERED** that the parties shall appear for a status conference to schedule further proceedings on October 18, 2018 at 9:00 a.m.

**IT IS SO ORDERED.**

              *S/Richard J. Arcara*
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated: October 9, 2018