UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                           **DECISION AND ORDER**
                                      18-CR-44-A

JAMES L. NELSON, et al.,

                Defendant.

Defendant James L. Nelson is charged in an Indictment with: (1) possessing cocaine base with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 860(a); (2) possessing marijuana with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 860(a); and, (3) maintaining a drug-involved premises within 1,000 feet of a private school in violation of 21 U.S.C. § 860(a).

Defendant Nelson has objected to a pretrial ruling of a magistrate judge that found that probable cause supported a New York State search warrant for the defendant's residence at 11 Fayette Avenue, Apartment 5, Tonawanda, New York[1]. He has asked the Court to suppress controlled substances, drug paraphernalia, and currency seized pursuant to the search warrant. Because the Court finds that it was reasonable for law enforcement officers who conducted the search to have relied upon the warrant even if it was not supported by probable cause, the defendant's

---

[1] The pretrial ruling was a Decision and Order. Presumably because the finding of probable cause to search was dispositive of a motion to suppress, the defendant filed objections as if the ruling were a report and recommendation.

request for suppression of the evidence is denied pursuant to the good faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897 (1984).

## BACKGROUND

The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings. Defendant Nelson moved for disclosure of the record of *in camera* testimony of a confidential informant before Justice J. Mark Gruber, Town Justice for the Town of Tonawanda, in support of the search warrant for the defendant's residence at 11 Fayette Avenue, Apartment 5, in Tonawanda. Dkt. No. 24. The defendant contended that he could not move to suppress items seized under the warrant without the record of the informant's *in camera* testimony. *Id*. at pp. 3-4.

In an effort to speed up lagging pretrial proceedings, Magistrate Judge Schroeder entered an order requiring that the transcript, tape, other recording, or notes of the *in camera* testimony of the confidential informant be provided to the United States for submission for *in camera* review by the Magistrate Judge. Dkt. No. 32; *see* Dkt. No. 41, pp. 17-18. Justice Gruber sent notes he had taken during the *in camera* testimony directly to Magistrate Judge Schroeder, not to the United States. Dkt. No. 34, p. 2. No audio recording or verbatim transcript have been produced. *Id*.

In a Decision and Order entered on June 21, 2018, Magistrate Judge Schroeder concluded that Justice Gruber's notes showed that the informant's

testimony, combined with an affidavit of Detective Thomas Oswald of the Town of Tonawanda Police Department in support of the warrant application, established probable cause to support the search warrant. Dkt. No. 34. The Magistrate Judge summarized the notes as follows:

> The judge's notes reveal that he obtained the name and biographical information relating to the informant. The informant advised Judge Gruber of the length of time the informant knew the defendant, James Nelson, and established his/her familiarity with the premises at 11 Fayette Drive, Apartment 5, Tonawanda, New York by giving a detailed description of the physical layout of the interior of the premises. The informant also described being present and observing the sale of "crack" by the defendant to another individual. The informant also stated that he/she has purchased drugs from the defendant at the premises in question on a number of occasions.

Dkt. No. 34, p. 2[2]. The affidavit of Detective Oswald also referred to two "controlled buy[s]" of crack cocaine from defendant Nelson inside his residence at 11 Fayette Avenue, Apartment 5, on dates within a few weeks of the informant's testimony and the application.

Defendant Nelson treated Magistrate Judge Schroeder's *sua sponte* finding of probable cause as a report and recommendation and filed objections. Dkt. No. 37. The defendant argued that the failure of Justice Gruber to record the confidential informant's *in camera* testimony verbatim was a *per se* error requiring suppression of the physical evidence. He also contended that the Magistrate

---

[2] The Magistrate Judge did not address defendant Nelson's motion for disclosure of the notes.

Judge's failure to require the United States to disclose Justice Gruber's notes of the informant's testimony to the defendant was an error because the defendant was denied a way to test the factual basis for the search warrant. *Id*.

Immediately after the parties appeared in this Court to argue defendant Nelson's objections, the Court ordered disclosure of Justice Gruber's notes of the confidential informant's testimony to the United States. Shortly thereafter, the notes were disclosed to the defendant's counsel subject to a protective order. See Dkt. Nos. 44, 46[3]. With the benefit of Justice Gruber's notes, the defendant again argues that it was *per se* error not to make a verbatim record of the informant's testimony, that the notes show that nothing before Justice Gruber established the reliability of the informant, that Detective Oswald affirmatively misled Justice Gruber about the two controlled buys in the Detective's search warrant affidavit, and that the Detective's misleading statements to Justice Gruber establish a lack of good faith on the Detective's part. The defendant also filed an affidavit to establish his standing to seek suppression of the evidence from his residence.

## DISCUSSION

In general, to authorize a search warrant, a judge must find that probable cause exists to believe (1) that a crime has been committed and (2) that evidence of

---

[3] The question whether Justice Gruber's notes of the *in camera* testimony of the confidential informant were subject to disclosure under Fed. R. Crim. P. 16 was rendered moot by the United States' voluntary disclosure of the notes subject to a protective order negotiated by counsel for the parties. *See* Dkt. No. 46. The notes were also redacted to protect the informant's identity.

4

the crime will be found in the premises to be searched. *See e.g.*, *United States v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990). "The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances . . . before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Ordinarily, a judge's determination of probable cause should be given "great deference" by a reviewing court. *Gates*, 462 U.S. at 236; *see also United States v. Falso*, 544 F.3d 110, 117 (2d Cir. 2008). The task of a court reviewing the validity of a search warrant is "simply to ensure that the magistrate had a 'substantial basis' for . . . conclud[ing] that probable cause existed." *Gates*, *supra*, at 238–39 (*quoting Jones v. United States*, 362 U.S. 257, 271 (1960)). A marginal case should be determined with due weight to the preference accorded to warrants. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Leon*, 468 U.S. 897, 914 (1984) *see United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) ("A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and 'doubts should be resolved in favor of upholding the warrant.") (*quoting United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983)). A defendant seeking to challenge a search warrant therefore faces a "heavy burden." *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

**Alleged Violations New York Criminal Procedure Law.** As a threshold matter, defendant Nelson's objection that the search warrant was *per se* invalid because no verbatim record of the informant's testimony as required by N.Y.C.P.L. § 690.36 was preserved is mistaken. Whether the search warrant for the defendant's residence is valid in this federal prosecution is determined by federal law, not state law. *See generally*, *California v. Greenwood*, 486 U.S. 35, 43 (1988) ("We have never intimated [ ] that whether or not a search is reasonable within the meaning of the Fourth Amendment depends on the law of the particular State in which the search occurs."). "[T]he Fourth Amendment does not incorporate state *procedural* criminal law." *United States v. Bernacet*, 724 F.3d 269, 277 (2d Cir. 2013) (emphasis in original). Even if the evidence seized from the defendant's residence was seized in violation of state law because an inadequate record of the informant's testimony was preserved for purposes of New York law, the evidence could only be suppressed if there were violations of federal law. *See e.g., United States v. Purcell*, No. 18-CR-81, 2018 WL 4378453, at *5 (S.D.N.Y. Sept. 13, 2018) (quoting *United States v. Sotomayor*, 592 F.2d 1219, 1223 (2d Cir. 1979)).

Moreover, N.Y.C.P.L. § 690.36, upon which defendant Nelson relies, applies to oral applications for search warrants. N.Y.C.P.L. §§ 690.35 and 690.40 apply to the written application of Detective Oswald before Justice Gruber. Substantial compliance with the procedural requirement of making an accurate, if not verbatim, record of the informant's testimony could suffice for the state courts. *See*, *People v.*

*Taylor*, 73 N.Y2d 683 (1989).

**Alleged Inadequacy of Informant Reliability.** Defendant Nelson argues that Justice Gruber's probable cause determination in this case was flawed because no information before Justice Gruber established the reliability of the confidential informant. However, it would have been "improper to reject reasonably corroborated information from an informant 'simply because he has no proven record of truthfulness or accuracy.' " *See e.g.*, *United States v. Snape*, 116 Fed. Appx. 317, 319 (2004) (quoting *United States v. Canfield*, 212 F.3d 713, 719 (2d Cir. 2000).

Information in support of a search warrant that is provided face to face, as the confidential informant's testimony was provided to Justice Gruber, is often more reliable than other information. *United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991). An informant providing testimony face to face "runs the added risk that he may be held accountable if his information proves false." *Id*. The Second Circuit has observed that an informant's testimony is more reliable than other informant information when the informant faces a possibility of a possible sanction for misleading the judge issuing a search warrant. *United States v. Hernandez*, 85 F.3d 1023, 1028 (2d Cir. 1996). Here, the circumstances indicate the confidential informant also faced the loss of the potentially more favorable disposition of the petty larceny charge if the informant misled Justice Gruber or Detective Oswald.

The record before the Court shows that Justice Gruber was made aware in

Detective Oswald's presence that the confidential informant had not worked as an informant for Town of Tonawanda Police Department in the past, and that the informant was facing a petty larceny charge in Town of Tonawanda Justice Court and was hoping for consideration in the disposition of that charge in return for acting as an informant. Justice Gruber noted that "no promises" had been made. A common sense reading of these circumstances and Justice Gruber's notes show that Justice Gruber evaluated the informant's reliability.

Moreover, the information that the confidential informant provided to Justice Gruber was based upon the informant having known defendant Nelson for a number of years, and upon the informant's familiarity with the entrance and the inside of the defendant's residence at 11 Fayette Avenue, Apt. 5, in Tonawanda. The informant's information was not hearsay from some other source, and because Justice Gruber was able to hear the testimony of the informant in person and was able to observe the demeanor of informant, his assessment of the informant's reliability is due substantial deference.

Defendant Nelson correctly observes that the confidential informant's representation that the informant had "purchased drugs many times" from the defendant was conclusory, but the information was not so conclusory in light of other information that the informant provided to Justice Gruber, including specific terms that the defendant allegedly used to refer to heroin and crack cocaine, that it suggested that the informant should have been regarded as unreliable. Even

8

though Justice Gruber's notes do not reflect any discussion with the informant about the two controlled buys the informant made from the defendant under the supervision of Detective Oswald, that is not evidence that Justice Gruber abdicated his role to assess the reliability of the informant before issuing the search warrant. There is no evidence that Justice Gruber abdicated that role.

Detective Oswald stated that the confidential informant was reliable in his affidavit in support of the search warrant, and defendant Nelson correctly observes that the Detective's vouching was also conclusory. The lack of more information in the record about the reliability of the informant is certainly relevant to the Justice Gruber's assessment of probable cause, and to this Court's assessment of the good faith of the officers who executed the warrant, but it is only one factor in the totality of circumstances presented to Justice Gruber.

It bears emphasis that in *Illinois v. Gates*, the United States Supreme Court rejected the two-part *Aguilar–Spinelli*[4] test requiring separate and independent substantiation of an informant's veracity or reliability and the informant's basis of knowledge. 462 U.S. at 230. Although the requirements of the old *Aguilar–Spinelli* test remain "highly relevant in determining the value of [an informant's] report," they are properly seen as "closely intertwined issues" that assist in the "practical" and "commonsense" assessment whether there is a fair probability that evidence of a crime will be found in a particular location to be searched. *Id*. at 230, 238-39. The

---

[4] *Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964).

9

informant's testimony before Justice Gruber as reflected in his notes combined with the information in Detective Oswald's affidavit is to be weighed together, not in isolation. The Court finds no reason to withhold deference due the credibility determinations made by Justice Gruber when he authorized the warrant.

**Alleged Misleading Statements in the Warrant Affidavit.** Defendant Nelson next argues that Detective Oswald's affidavit was affirmatively misleading because it stated that the Detective personally observed the exchange of controlled substances during the confidential informant's two controlled buys from the defendant. The Court disagrees.

It is well settled that a warrant affidavit is to be read with a presumption of validity. *Franks v. Delaware*, 438 U.S 154, 171 (1978). As the Second Circuit has observed:

> [c]ourts have repeatedly been warned not to "interpret[ ] the affidavit in a hypertechnical, rather than a commonsense, manner." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). We are also mindful that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *Id*. at 108.

*United States v. Canfield*, 212 F.3d 713, 719 (2d Cir. 2000). A common sense reading of Detective Oswald's warrant affidavit simply does not suggest that the Detective personally observed the exchange of controlled substances between the defendant and the informant. The defendant's argument that Justice Gruber was misled that the Detective personally observed the exchange of controlled substances between the defendant and the informant is unrealistic and a

10

hypertechnical reading of the Detective's affidavit.

The same is true of defendant Nelson's argument that all the references to the controlled buys in Detective Oswald's affidavit — which omits a detailed step-by-step description of any sequence of actions the law enforcement officers may have taken to control the confidential informant — are misleading. The Detective's references to the controlled buys are conclusory, but they are not realistically read as if they are inherently misleading, or even unreliable. *Canfield*, 212 F.3d at 719. The Detective's affidavit combined with the informant's testimony before Justice Gruber, as reflected in Justice Gruber's notes, was weighed together, not in isolation, to determine whether there was a substantial basis for concluding by a standard of a fair probability that evidence of the criminal conduct testified to by the informant would be located inside the defendant's residence.

**Requests for an Evidentiary Hearing.** In general, an evidentiary hearing on a motion to suppress may be "required if the moving papers are sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (citations and quotations omitted). Defendant Nelson bears the burden of showing the existence of disputed issues of material fact in order to obtain a hearing. *See id*. at 338. Here, the Court finds the defendant's arguments are conjectural and rely upon a hypertechnical reading of the record underlying the search warrant application. The Court therefore concludes no

hearing is required. *See United States v. Viscioso*, 711 F.Supp. 740, 745 (S.D.N.Y. 1989); *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969).

As is discussed above, defendant Nelson's argument that New York State procedure requiring a verbatim record of the confidential informant's testimony was violated and requires suppression is incorrect as a matter of law. There are no factual issues to be addressed by witness testimony.

Similarly, although defendant Nelson argues that Justice Gruber had no basis for assessing the reliability of the confidential informant, that argument involves no fact issues that require a hearing, either. There is no general requirement that an informant who testified in support of a search warrant must testify in opposition to a motion to suppress. *McCray v. Illinois*, 386 U.S. 300, 305 (1967), *see e.g.*, *United States v. Pena*, 961 F.2d 333, 340 (2d Cir. 1992). As is discussed above, Justice Gruber's face-to-face evaluation of the informant's testimony is entitled to substantial deference.

To be entitled to an evidentiary hearing on his allegation that Detective Oswald recklessly misled Justice Gruber on the two controlled buys, defendant Nelson's preliminary showing:

> must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable

> statements of witnesses should be furnished, or their absence satisfactory explained.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978). The defendant's strained reading of the Detective's affidavit in support of the warrant application aside, the defendant has not carried his burden to come forward with reliable information that is inconsistent with any of the statements in the Detective's affidavit that the defendant alleges were misleading. The defendant's request for an evidentiary hearing is therefore denied.

**Good Faith under *Leon*.** In any event, even if Justice Gruber was mistaken in finding probable cause to issue the search warrant for defendant Nelson's home, evidence is not subject to suppression where it is "obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). The Second Circuit has observed, "most searches conducted pursuant to a warrant would likely fall within [*Leon*'s] protection," *United States v. Clark*, 638 F.3d 89, 99 (2d Cir. 2011), because law enforcement officers are not "required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested," *United States v. Buck*, 813 F.2d 588, 592 (2d Cir. 1987) (internal quotation marks omitted). A search "pursuant to a warrant is [ordinarily] presumed valid," *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003), and "will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer acted in good faith in

13

conducting the search," *Leon*, 468 U.S. at 922.

Nevertheless, the *Leon* good faith exception will not apply: "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992). The Court has rejected defendant Nelson's arguments that Justice Gruber was knowingly or recklessly misled. The totality of the circumstances in the application presented to Justice Gruber on December 5, 2017, were not so devoid of indicia of probable cause or facially deficient as to be obviously unreliable. The face-to-face testimony of the confidential informant under oath was somewhat corroborated by Detective Oswald's conclusory references to the two recent controlled buys. While there was no detailed testimony by a law enforcement officer about the reliability of the confidential informant or the controlled buys, the Court finds no reason to conclude it was objectively unreasonable for the executing law enforcement officers to have relied upon Justice Gruber's authorization of the search warrant. Accordingly, the motion of defendant Nelson to suppress items seized pursuant to the search warrant is denied pursuant to *United States v. Leon*, 468 U.S. 897 (1984).

## CONCLUSION

For the foregoing reasons, the Court denies the motion of defendant James L. Nelson to suppress physical evidence seized from 11 Fayette Avenue, Apartment 5, Tonawanda, New York, pursuant to a search warrant authorized on December 5, 2017, by Justice J. Mark Gruber, Town Justice for the Town of Tonawanda.

**IT IS SO ORDERED.**

    *S/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2018